UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

PETER FRANKLIN,

        Plaintiff,

vs.

                                  08 Civ. 7120 (DAB)
                                  ORDER AND ADOPTION OF
                                  REPORT AND RECOMMENDATION

LIBERTY MUTUAL INSURANCE CO.,
and EDMUND F. KELLY,

       Defendants.

------------------------------------------X

DEBORAH A. BATTS, United States District Judge.

Pro se Plaintiff Peter Franklin ("Plaintiff") filed an Amended Complaint on September 22, 2008, alleging that Defendants Liberty Mutual Insurance, Co. and Edmund F. Kelly (together, "Defendants") owe Plaintiff under a tenant's insurance policy after Plaintiff was evacuated from his apartment by the New York City Department of Buildings. At issue here is whether Plaintiff has established subject matter jurisdiction by properly alleging more than $75,000 pursuant to 28 U.S.C. § 1332(a). On October 22, 2010, United States Magistrate Judge Debra Freeman submitted a Report and Recommendation (the "Report") to this Court, recommending that the Court grant Defendants' motion and dismiss Plaintiff's Amended Complaint, without prejudice. On November 3, 2010,

1

Plaintiff filed timely objections to the Report (the "Objections").[1]

For the reasons below, the Court adopts Judge Freeman's Report, and dismisses the Plaintiff's Amended Complaint, without prejudice, but without leave to amend as any amendment would be futile.

## I. FACTS AND PROCEDURAL HISTORY

Facts and procedural history are set forth in Judge Freeman's Report and will not be reiterated here. (See Report, Docket No. 22.)

## II. DISCUSSION

A. General Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(c), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." The District Court is required under 28 U.S.C.

---

[1] On January 19, 2011, Defendants filed a response to Plaintiff's Objections, arguing that Plaintiff makes no relevant arguments and the Objections were not properly filed or served. The Court, however, will consider Plaintiff's Objections as it received the Objections in Chambers in a timely manner. On January 29, 2011, Plaintiff filed an additional, unsolicited submission. This submission is untimely and will not be considered by the Court, however, the Court notes that this submission makes no arguments relevant to the issues before the Court.

§ 5636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Moreover, the court may accept any portion of a magistrate's report and recommendation to which no objection has been made as long as there is no clear error on the face of the record. Advance Coating Technology, Inc. v. LEP Chemical Ltd., 142 F.R.D. 91, 93 (S.D.N.Y. 1992).

Where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Id.; see also Brown v. Peters, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sept. 19, 1997). Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." Vega v. Artuz, 2002 U.S. Dist. LEXIS 18270, *3 (S.D.N.Y. Sept. 30, 2002). Such objections "are frivolous, general and conclusory" and would "reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id. (internal citations and quotations marks omitted).

After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(c); see also Local Civil Rule 72.1(d).

B.  Plaintiff's Opposition

Plaintiff filed an opposition to Judge Freeman's Report on November 3, 2010. Plaintiff's opposition does not address any substance of the Report, but rather makes unfair and scurrilous allegations against the Pro Se Office and Judge Freeman. Since Plaintiff's opposition to Judge Freeman's Report does not address any issues in the Report, it will be treated as raising only general objections. Accordingly, the Report will be reviewed for clear error. Brown, 1997 U.S. Dist. LEXIS 14718, at *7.

C.  Subject Matter Jurisdiction

Defendants have raised subject matter jurisdiction as a threshold issue in this case, and since it goes to the heart of the Court's power to hear this action, it is an issue the court must address. In her Report, Judge Freeman correctly notes that before a court may examine the sufficiency of claims pleaded in a complaint, the court must first address any jurisdictional issues that have been raised. Pursuant to 20 U.S.C. § 1332(a), diversity jurisdiction exists where the amount in controversy exceeds $75,000, and the parties are citizens of different

4

states. Judge Freeman has identified a number of defects in Plaintiff's Complaint. First, Judge Freeman correctly indentifies that Plaintiff has not satisfied the "amount in controversy" requirement of Section 1332(a) on its face. Plaintiff has demanded exactly $75,000 – not an amount that <u>exceeds</u> $75,000. This alone requires the Court to dismiss the Amended Complaint on subject matter jurisdictional grounds.

Second, Plaintiff suggests that a portion of the $75,000 demand is for his and his wife's "medical care, severe physical and emotional damages." Plaintiff's wife, however, is not named a party to this action and Plaintiff cannot claim damages on her behalf. Even if Plaintiff's wife was a party, Plaintiff and his wife cannot recover "emotional damages." Under New York law, in a breach of contract action, an individual generally cannot recover for emotional and mental distress, social humiliation, wounded feelings, serious anxiety or public ridicule allegedly resulting from the breach. See <u>Marcella v. ARP Films, Inc.</u>, 778 F.2d 112, 119 (2d Cir. 1985) ("[e]motional and mental distress is generally not compensable in a breach of contract action ... particularly in the absence of a physical injury") (citations omitted); <u>Wehringer v. Standard Sec. Life Ins. Co. of New York</u>, 440 N.E.2d 1331, 1332 (N.Y. 1982)("absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty").

This case is clearly a breach of contract action where Plaintiff seeks to recover on an insurance policy. Plaintiff's allegation of "physical injury" is not alleged with any particularity and not at all consistent with Plaintiff's allegations or his theory of the case. As such, Plaintiff's bald assertion of physical injury will not be given any weight here.

Finally, the insurance policy clause at issue provides coverage only up to $20,700, an amount well under $75,000. It is clear that the policy limit of $20,700 is what Plaintiff actually seeks. For the reasons above, Plaintiff has not met the diversity jurisdiction requirements under 20 U.S.C. § 1332(a) and accordingly, the Court must dismiss Plaintiff's Amended Complaint.

Given that under New York law emotional damages are generally not cognizable for a breach of contract action, and Plaintiff does not properly make allegations of physical injury, it is a legal certainty that Plaintiff cannot recover in excess of the minimum statutory jurisdictional amount. <u>Tongkook America, Inc. v. Shipton Sportswear Co.</u>, 14 F.3d 781 (2d Cir. 1994)(holding that plaintiff's choice of forum or good faith belief that it could be in Federal court is not enough to invoke jurisdiction where there is a "legal certainty" that a plaintiff cannot recover the statutory jurisdictional amount). As there is a legal certainty that Plaintiff cannot recover in excess of

the statutory jurisdictional amount here, any attempt by Plaintiff to replead would be futile. Accordingly, no leave to replead will be granted.[2]

### III. CONCLUSION

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Debra Freeman, dated October 22, 2010, be and the same hereby is APPROVED, ADOPTED and RATIFIED by the Court;

2. Pursuant to Judge Freeman's recommendation, the Court DISMISSES, without prejudice, Plaintiff's Amended Complaint for lack of subject matter jurisdiction;

3. Plaintiff will not be permitted leave to amend;

4. The Clerk is DIRECTED to close the docket in this case.

SO ORDERED.

Dated: New York, New York
       February 9, 2011

_Deborah A. Batts_
Deborah A. Batts
United States District Judge

---

[2] To be clear, the Court's Order is without prejudice. Plaintiff is free to pursue his claims in another forum, he just will not be permitted to pursue his claims in Federal Court.